IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BENJAMIN CROMMEDY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:16-cv-00998-O-BP |
| § | |
| YRC WORLDWIDE INC., § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion for Summary Judgment (ECF No. 10), filed September 18, 2017. As of the date of this Recommendation, Plaintiff Benjamin Crommedy ("Crommedy") has not filed a response despite the Court notifying him of the deadline to respond and, though he did not seek an extension, twice extending the response deadline *sua sponte*. ECF Nos. 12–14. After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendant's Motion for Summary Judgment and **GRANT** judgment that Plaintiff take nothing in this case.

BACKGROUND

Crommedy sues Defendant YRC Worldwide Inc. ("YRC") "under the Texas Labor Code, Section 21.001 et. seq., which incorporates by reference Title VII of the United States Civil Rights Act of 1964." ECF No. 1-1 at 2. He charges YRC with race discrimination and retaliation for terminating his employment and denying his workers' compensation claim. *Id.* at 3–4. On October 26, 2016, YRC removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a). ECF No. 1 at 2. On September 18, 2017, YRC filed a Motion for Summary Judgment (ECF No. 10) with Memorandum in Support (ECF No. 11). YRC filed the Motion on behalf of

itself and YRC Inc. d/b/a YRC Freight, as YRC Freight employs Crommedy and is the proper plaintiff for this action. ECF No. 11 at 7.

## LEGAL STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry for the Court to make is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57).

When the nonmovant files no response to a summary judgment motion, the Court nevertheless cannot grant a default judgment, even if the failure to respond violates a local rule. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). The district court may only grant the motion if the movant has established the absence of a

genuine material fact. *Id.* The court may, however, accept the movant's evidence and factual assertions as undisputed. Fed. R. Civ. Pro. 56(e)(2); *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (affirming summary judgment as the defendant's "submittals made a *prima facie* showing of its entitlement to judgment"). "A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996).

## ANALYSIS

As Crommedy did not file a response to the Motion for Summary Judgment, the undersigned takes as undisputed the facts and evidence that YRC submitted in support of its Motion. The undisputed facts are as follows. Crommedy has been employed as a dockworker at YRC's Fort Worth Terminal since 1999. ECF No. 11 at 8. He is represented by the International Brotherhood of Teamsters union, and his employment is governed by the collective bargaining agreement of all YRC employees at YRC's terminals in the Dallas and Fort Worth area. *Id.* at 9. On September 28, 2015, Crommedy reported a back injury from attempting to close a trailer door while at work. *Id.* at 11. He was released to work on light duty a week later, and YRC paid Crommedy his regular salary and kept his seniority rights. *Id.* On December 7, 2015, Crommedy submitted a doctor's note that recommended he not return to work, and Crommedy has not returned to work since that time. *Id.* at 11–12. YRC has not notified Crommedy that his employment is terminated because he has in fact not been terminated and he remains a YRC employee on workers' compensation leave. *Id.* at 12. Following his injury, Crommedy initially received workers' compensation benefits through February 2016, and, after a legal challenge, received additional benefits. *Id.* at 12–13.

Crommedy sues for workplace discrimination "under the Texas Labor Code, Section

21.001 et. seq., which incorporates by reference Title VII of the United States Civil Rights Act of 1964" on grounds of racial discrimination and retaliation. Though Crommedy does not specify further, racial discrimination is made unlawful by Texas Labor Code Section 21.051, and retaliation by Section 21.055. Because Chapter 21 provides for the execution of Title VII of the Civil Rights Act, a plaintiff alleging discrimination must first establish a prima facie case of discrimination by a preponderance of the evidence. *See* Tex. Lab. Code § 21.001(1); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004) (noting that the analogous federal statutes and cases guide the reading of Chapter 21 of the Texas Labor Code). The burden then shifts to the defendant to produce an explanation to rebut the prima facie case, that is, produce evidence that the defendant took the adverse employment actions "for a legitimate, nondiscriminatory reason." *St. Mary's Honor Ctr.*, 509 U.S. at 506 (quoting *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). The prima facie case then "drops from the case," and the plaintiff must prove by a preponderance of the evidence that the defendant intentionally discriminated against the plaintiff. *Id.* at 507.

To establish a prima facie case of employment discrimination, a plaintiff must establish that he "(1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that other similarly situated employees were treated more favorably." *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004) (citing *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001)). Crommedy has not established the third or fourth element of this prima facie case for his discrimination claims, both of which rest on the same alleged conduct by YRC.

Crommedy claims in his complaint that YRC denied him workers' compensation and terminated his employment on December 7, 2015. ECF No. 1-1 at 3. He asserts that YRC took these actions because of his "African American race while approving four other Anglo (white) employees who were similarly injured and retaining those Anglo (white) persons as employees." *Id.* Crommedy further claims that YRC took these actions in retaliation because he prevailed against YRC in a prior racial discrimination complaint. *Id.* at 4.

However, according to YRC's undisputed summary judgment evidence, YRC did not engage in any adverse employment actions against Crommedy. YRC has not terminated Crommedy's employment and he remains an employee in good standing. ECF No. 11-1 at 4, 46. Even according to Crommedy's own deposition, no one at YRC ever told him that he was terminated. *Id.* at 9. Also according to his deposition, he received workers' compensation benefits for his injury, possibly in the range of $30,000. ECF No. 11-1 at 31, 38–39. Therefore Crommedy has not proven the third element of his prima facie case—that he was subject to an adverse employment action.

Crommedy also has not proven that YRC treated him disparately from other, similarly situated employees. He claimed in his Complaint that YRC did not terminate four similarly injured white employees or deny their workers' compensation claims. ECF No. 1-1 at 3. However, when YRC asked Crommedy about these other employees at his deposition, he was unable to say whether they filed workers' compensation claims, what their medical diagnoses were, or what treatment they received. ECF No. 11-1 at 34–36. Additionally, as previously noted, YRC did not terminate Crommedy or deny his workers' compensation claims, so YRC did not treat him differently from these other employees. Therefore Crommedy has not proven the fourth element of his prima facie case—that other similarly situated employees were treated more favorably than

he was.

Crommedy fails to make a prima facie case that YRC discriminated against him for reasons of race or retaliation. In addition, his retaliation claim fails because he did not exhaust his administrative remedies as Title VII requires. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). Private-sector employees must file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") or the Texas Workforce Commission ("TWC") before seeking judicial relief. *Id.*; *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010). The Fifth Circuit does "not require that a Title-VII plaintiff check a certain box or recite a specific incantation to exhaust his or her administrative remedies before the proper agency." *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006). "[T]he scope of an EEOC charge should be construed liberally, especially when drafted by a pro se plaintiff." *Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 449 (W.D. Tex. 2013) (citing *Pacheco*, 448 F.3d at 788). When reviewing a Title-VII claim for exhaustion, the Court looks not just to the charge but to the scope of the investigation that can reasonably be expected to grow out of the charge of discrimination. *Pacheco*, 448 F.3d at 789.

Crommedy filed an administrative charge with the TWC for racial discrimination, but he did not check the box for retaliation or mention retaliation in the section for the particulars of his charge. ECF No. 11-1 at 75. According to his complaint in this case, his charge for retaliation is grounded on his filing of a racial discrimination complaint against YRC two years previously, but Crommedy did not allude to these facts or allegations in any way on his TWC charge, and only alleged that YRC did not take care of his workers' compensation case because he is African American. *See* ECF No. 1-1 at 4. Crommedy's retaliation charge cannot reasonably be expected to grow out of the facts and allegations he made on his TWC charge and, as a result, he has not

6

exhausted his administrative remedies as to his retaliation charge. *See Castro v. Texas Dept. of Criminal Justice*, 541 Fed. Appx. 374, 379 (5th Cir. 2013) (affirming a finding that plaintiff did not exhaust his administrative remedies where he did not check the relevant boxes on his EEOC complaint form or allege relevant conduct in the particulars section).

YRC also argues that the Texas Workers' Compensation Act substantially bars Crommedy's claims because it is the exclusive remedy of an employee for recovery of workers' compensation benefits. ECF No. 11 at 16–18; Tex Lab. Code §408.001(a). The undersigned hesitates, based only on a *pro se* complaint, to make the determination that the claim Crommedy makes is solely a workers' compensation claim. Crommedy requests damages beyond workers' compensation and bases his complaint on the Texas statute that provides for the execution of Title VII of the Civil Rights Act. ECF No. 1-1. Further filings by Crommedy might have made this particular issue more clear for a ruling, but as two grounds exist independently on which the Court may grant summary judgment to YRC, the Court need not rule on this additional ground. *See Harris v. New Werner Holding Co., Inc.*, No. 3:08-CV-1750-L, 2009 WL 2958382, at *4 (N.D. Tex. Sept. 16, 2009), *aff'd*, 390 Fed. App'x. 395 (5th Cir. 2010).

## CONCLUSION

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendant's Motion for Summary Judgment (ECF No. 10) and **GRANT** judgment that Plaintiff take nothing in this case.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an

7

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed December 14, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE